```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DUSTIN NICHOLS,                                               :
                    Petitioner,                               :
                                                              :
v.                                                            :
                                                              :
BARBARA VON BLANCKENSEE,                                      :
Warden, FCI Otisville,                                        :
                    Respondent.                               :
--------------------------------------------------------------x
```

**OPINION AND ORDER**

18 CV 754 (VB)

Briccetti, J.:

Petitioner Dustin Nichols, proceeding pro se and in forma pauperis, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging (i) his prison disciplinary hearing did not provide him constitutionally sufficient process, and (ii) his punishment was unconstitutionally severe.

For the reasons set forth below, the petition is DENIED.

## BACKGROUND

Petitioner is incarcerated at Federal Correctional Institution Otisville, currently serving a sentence for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine.

On July 17, 2017, special investigation services technician Witkowski stopped petitioner outside the Lieutenant's Office and subjected petitioner to a "Suspect Urinalysis." (Aassiddaa Decl., Ex: B: Incident Rep. ¶ 11). According to the incident report, while petitioner was waiting to provide a urine sample, Mr. Witkowski saw him reach his left hand into his pocket. Mr. Witkowski ordered petitioner to give him what was in his left hand. Petitioner handed him a rolled up piece of toilet paper, which contained two small strips of paper each containing an unknown substance.

1

Mr. Witkowski provided the paper strips to Lieutenant Robert Poitras for testing. Lieutenant Poitras tested the paper and unknown substance that day, using a narcotics identification kit ("NIK"). The NIK tests returned positive results for amphetamines.

On July 18, 2017, petitioner received an incident report for possession of a narcotic in violation of prison rules. On July 19, 2017, petitioner was advised he would be subject to a disciplinary hearing, and told of his rights regarding same.

Petitioner's disciplinary hearing was held on July 31, 2017. At the hearing, petitioner requested laboratory testing to confirm the content of the paper strips and cited "several recent incidents at the facility" when NIK tests had produced false positive results for amphetamine.

Petitioner alleges the hearing then "became somewhat contentious." (Pet. at 5). The disciplinary hearing officer ("DHO") told petitioner he had no right to laboratory testing to confirm the content of the paper strips. Petitioner responded, "Then I guess it's whatever y'all say it is." (Id.). Petitioner asserts this was a "sarcastic statement uttered in a moment of frustration." (Id. at 6). The DHO categorized petitioner's statement as an admission of guilt.

The DHO found petitioner guilty of possessing narcotics. The DHO based his findings on the incident report, petitioner's alleged admission of guilt, and a July 17, 2017, NIK test results memorandum (the "memorandum"), prepared by Lieutenant Poitras, which described the NIK test procedures he followed and results he observed.

The DHO imposed the following sanction: disallowance of forty-one days of good conduct time, thirty days of disciplinary segregation, and eighteen months of visiting restriction followed by eighteen months of immediate family visitation only.

Petitioner received a copy of the DHO's hearing report on August 9, 2017.

**DISCUSSION**

I.    <u>Legal Standard</u>

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." <u>Carmona v. United States Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001) (citing <u>Chambers v. United States</u>, 106 F.3d 472, 474–75 (2d Cir. 1997)). Through a petition pursuant to 28 U.S.C. § 2241, a federal prisoner may seek to expunge "disciplinary sanctions from his record, including the loss of good time credits." <u>Id</u>. (citations omitted).

Because petitioner is proceeding <u>pro se</u>, the Court must construe his petition liberally. <u>Thompson v. Choinski</u>, 525 F.3d 205, 209 (2d Cir. 2008) (citations omitted).

II.    <u>Due Process Claims</u>

Petitioner argues his disciplinary hearing did not afford him constitutionally sufficient process.

The Court disagrees.

To establish a violation of due process rights, petitioner must plead "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." <u>Giano v. Selsky</u>, 238 F.3d 223, 225 (2d Cir. 2001) (citation omitted).

"A prisoner's liberty interest is implicated by prison discipline . . . only if the discipline imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Palmer v. Richards</u>, 364 F.3d 60, 64 (2d Cir. 2004) (internal quotation and citation omitted). "Inmates have a liberty interest in good time credit they have already earned." <u>See</u> <u>Abed v. Armstrong</u>, 209 F.3d 63, 66–67 (2d Cir. 2000) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556–58 (1974)).

3

Having found petitioner has a liberty interest, the Court next addresses whether the hearing afforded petitioner sufficient process. It did.

A. "Some Evidence" Standard

Before an inmate's good conduct time can be taken away, "the minimum requirements of procedural due process appropriate for the circumstances must be observed." Wolff v. McDonnell, 418 U.S. at 558. "[J]udicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (quoting Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985)).

The "some evidence" standard "is satisfied if there is any evidence in the record that supports the disciplinary ruling." Sira v. Morton, 380 F.3d at 69 (internal quotation marks and citation omitted). Nonetheless, the standard requires some "reliable evidence of the inmate's guilt." Luna v. Pico, 356 F.3d 481, 488 (2d Cir. 2004).

What satisfies the "some evidence" standard is not clearly defined; rather, the Supreme Court and the Second Circuit "have addressed the problem piecemeal, focusing on the discrete problems raised by the facts of particular cases." Woodard v. Shanley, 505 Fed. App'x 55, 57 (2d Cir. 2012) (summary order).[1] However, the Second Circuit has found disciplinary rulings are not supported by "some evidence" when the evidence relied upon is "fantastical or directly rebutted by exculpatory evidence." Smith v. Menifee, 2003 WL 1872668, at *2 (S.D.N.Y. April 10, 2003) (collecting cases).

Here, petitioner claims that because NIK test results are unreliable, his revocation of

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

good time credit was not based on reliable evidence. Petitioner relies on Luna v. Pico, which requires a DHO to independently assess the credibility of the evidence upon which he bases the findings. 356 F.3d at 488–89. A credibility determination is "properly resolved by the hearing officer and is not a subject for independent review by [the district court]." Livingston v. Kelly, 423 F. App'x 37, 39–40 (2d Cir. 2011) (summary order).

Here, the DHO made an independent credibility determination regarding the NIK test. Petitioner testified regarding the NIK test's reliability. Additionally, the DHO considered other information regarding the drug possession charge, specifically the incident report, which included Mr. Witkowski's eye witness account, petitioner's testimony at the hearing, and Lieutenant Poitras's memorandum. The memorandum included descriptions of the NIK test procedure and photos of the test results.

Because the DHO relied, in part, on the NIK test results when finding petitioner guilty of possession of narcotics, and because the incident report, memorandum, and petitioner's hearing testimony provided the DHO with information regarding the test's reliability, the "some evidence" standard was met. The Court need not address petitioner's claim contesting the reliability of his allegedly misconstrued verbal statement at the disciplinary hearing.

B.  Procedural Safeguards

Liberally construing the petition, petitioner alleges he was denied procedural due process at his disciplinary hearing.

The Court disagrees.

In a prison disciplinary proceeding "the full panoply of rights due a defendant in [a criminal prosecution] does not apply." Wolff v. McDonnell, 418 U.S. at 556. The procedural due process afforded to a prisoner charged with a violation in a disciplinary proceeding consists

5

of: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d at 69 (citations omitted).

First, petitioner was provided advance written notice of the disciplinary charges. Due process requires prison officials to give the accused inmate notice twenty-four hours before the hearing. See Sira, 380 F.3d at 70. Petitioner received a Notice of Disciplinary Hearing on July 19, 2017. The hearing occurred on July 31, 2017, twelve days later.

Second, petitioner was granted the opportunity to call witnesses and present evidence. The Notice of Disciplinary Hearing memorializes these rights, which petitioner knowingly waived.

Third, the disciplinary hearing was conducted before a fair and impartial hearing officer. "An inmate subject to a disciplinary hearing is entitled to an impartial hearing officer. . . . The degree of impartiality required of prison officials does not rise to the level of that required of judges generally. It is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." Allen v. Cuomo, 100 F.3d 253, 259 (2d Cir. 1996) (collecting cases). In his objection to the hearing, petitioner did not assert the DHO was unfair or partial, nor does the record provide any evidence to that end.

Fourth, on August 9, 2017, petitioner was provided with the Hearing Officer's Report, which includes a written statement of the disposition, the evidence relied on, and the reasons for the disciplinary action.

Because petitioner received the minimum constitutional due process procedures afforded inmates and there was some reliable evidence in the record to support the hearing officer's

determination, petitioner's due process rights were not violated.

III.     Excessive Penalty

Petitioner alleges the loss of forty-one days good conduct time is unconstitutionally severe in proportion to his offense, namely, possession of amphetamines by an inmate.

The Court disagrees.

A punishment may violate the Eighth Amendment, not only when it is "inherently barbaric," but also when it is "disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 59 (2010). This "narrow [proportionality] principle" must be applied in light of several other principles, including "the 'substantial deference' generally owed by reviewing courts to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." United States v. Reingold, 731 F.3d 204, 211 (2d Cir. 2013) (quoting Harmelin v. Michigan, 501 U.S. 957, 999 (1991)). Therefore, "it is rare that a sentence falling within a legislatively prescribed term of years will be deemed grossly disproportionate." Id. at 212.

Here, the loss of forty-one days good conduct time is mandated under federal regulations. See 28 C.F.R. § 541.3 at Table 1 (listing possession of narcotics as a "greatest severity level prohibited acts"); see 28 C.F.R. § 541.4(b)(1) (mandating loss of at least forty-one days good conduct time for "greatest severity level offenses"). The Court is not inclined to find these administratively mandated penalties unconstitutional.

Moreover, the Court finds petitioner's punishment was, in fact, proportional to his offense. When evaluating the proportionality of a penalty, a court must first consider whether the "gravity of the offense and the severity of the sentence" give rise to an "inference of gross disproportionality." Graham v. Florida, 560 U.S. at 60 (internal quotation and citation omitted)

7

"[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" a court performs further analysis, comparing the defendant's sentence both to those of other offenders in the same jurisdiction and to sentences imposed for the same crime in other jurisdictions. See Harmelin v. Michigan, 501 U.S. at 1005.

Possession of narcotics in prisons is a serious offense. Narcotics possession endangers both staff and inmates and encourages the offender to commit further misconduct. (See Aassiddaa Decl., Ex. A). Moreover, other federal inmates have received harsher sanctions for the same infraction. See Whitmore v. Walton, 2013 WL 6697813, at *7 (S.D. Ill. Dec. 19, 2013) (100 days disallowance of good conduct time for possession of amphetamines constitutionally proportional). See also Parker v. Billingsley, 2013 WL 174220, at *2 (S.D.N.Y. January 9, 2013) (fifty-four days disallowance of good conduct time for marijuana possession).

The Court finds the danger posed by an inmate's possession of amphetamines warrants revoking forty-one days good conduct time as punishment.

Because petitioner's punishment is not "grossly disproportionate" to the severity of his offense, petitioner's Eighth Amendment rights were not violated.

## CONCLUSION

The Court finds petitioner's constitutional rights were not violated by his disciplinary hearing or by the revocation of his good conduct time. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

Dated: September 14, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge